UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VINCENT MILES,
    Plaintiff,

vs.                                                                                        03-1246

DAVID LINGLE, et al.
    Defendants.

ORDER

    This cause is before the court for consideration of the defendants' motion for summary judgement. [d/e 26]

    The pro se plaintiff, Vincent Miles, brought this action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at Pontiac Correctional Center. The plaintiff has named four defendants including Counselor David Lingle, Correctional Officer Lenna Lazar, Administrative Review Board Member Melody Ford and Illinois Department of Corrections Director Donald Snyder. The plaintiff is suing the defendants in their official and individual capacities.

    The plaintiff received a disciplinary ticket charging him with the assault of another inmate. The plaintiff claims his due process rights were violated when he was not allowed to call witnesses at the hearing and we the defendants imposed discipline for the offense of assault, when he was guilty of the offense of fighting. Lastly, the plaintiff says his punishment of one year in segregation violated his Eighth Amendment rights.

I. FACTS

    On November 17, 2001, the plaintiff was involved in an altercation with another inmate in a shower area at Pontiac Correctional Center. During the fight, the plaintiff says he was punched and kicked and received injuries to his lip. The plaintiff also punched Inmate O'Farell in the face and admits he "busted" O'Farell's nose. (Plain. Depo, p. 14).

    The plaintiff received a disciplinary ticket as a result of the incident charging him with assaulting Inmate O'Farell . The disciplinary report states that Inmate O'Farell accused the plaintiff of assaulting him. Inmate O'Farell said that he and the plaintiff had a verbal argument earlier in the day. When Inmate O'Farell went to the shower area later in the day, he claims the plaintiff struck him twice in the face.

    The plaintiff was interviewed after the incident, and the reporting officer noticed blood on the plaintiff's shirt and cuts on his hands. When asked about the officer's observations, the plaintiff said he had been cleaning showerheads and somehow cut his hands. The plaintiff denied he was in any altercation with another inmate either verbally or physically. The officer examined the shower and found no evidence that the plaintiff had cut his hands. Another officer also confirmed seeing the plaintiff and Inmate O'Farell in a verbal argument earlier in the day.

    At the Adjustment Committee Hearing, the committee members said they had not received a copy of the plaintiff's written statement, so the plaintiff provided the members with one. The plaintiff admitted to the committee that he was in a fight with Inmate O'Farell, but said Inmate O'Farell struck first. The plaintiff says he gave the committee the names of witnesses to

call on his behalf, but they made a decision without further input.  The plaintiff was found guilty and the committee recommended one year in segregation as well as a one year loss of good time credits.

The revocation of plaintiff's good time credits were later reduced to one month.  It is not entirely clear when or how this occurred from the facts before this court. However, the Administrative Review Board upheld the assault charge and the resulting one month revocation of good time credits during its review on April 19, 2002.

Defendant Snyder was the Illinois Department of Corrections Director during the relevant time frame and oversaw 59 different facilities.   Snyder says due to his workload, he routinely delegated the authority to review certain matters to his assistants or other designees. Snyder says he has no personal knowledge or involvement with the disciplinary ticket the plaintiff received on December 15, 2001.   In addition, the signatures that purport to be Snyder's on the Administrative Review Board recommendation and Good Conduct Reports were actually signed by Snyder's specified designees.

## II.  LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©).  A "material fact" is one that "might affect the outcome of the suit."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.  Nonetheless, "(s)ummary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## III. ANALYSIS

A.  PERSONAL KNOWLEDGE

The defendants correctly point out that the plaintiff has failed to demonstrate that Defendant Snyder had any personal knowledge or involvement with the allegations in the complaint.  "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).  In addition, the doctrine of respondeat superior (supervisor liability) does not apply.  Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." Vance v Peters, 97 F.3d 987, 992 (7th Cir. 1996).  There is no evidence before this court that Defendant Snyder had any involvement in the allegations in the plaintiff's complaint.

2

B.  DUE PROCESS

The defendants also argue that the plaintiff has failed to demonstrate that his due process rights were violated at the Adjustment Committee hearing. The minimum requirements of procedural due process are satisfied in the prison disciplinary context when the prisoner is provided with advance written notice in order to inform the prisoner of the charges and to enable the prisoner to marshal the facts and prepare a defense. There must also be at least a brief period of time after receiving notice of the charge, no less than 24 hours, so that the prisoner can prepare for his or her appearance at the disciplinary hearing. The prisoner may be allowed to present witnesses or documentary evidence at the discretion of the disciplinary committee. Finally, there must be a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 529, 94 S.Ct. 963 (1974).

While the defendants did not initially have the plaintiff's written statement, they were able to review his comments at the hearing.  The plaintiff's main contention is the defendants did not call his witnesses.  The actual Adjustment Committee report states that the plaintiff did not request witnesses.  The plaintiff states that he did.  The defendants do not directly respond to this argument.  Instead, they assert that the plaintiff does not have an absolute right to call witnesses.

While it is true that a prisoner does not have an unfettered right to call witnesses at a disciplinary hearing, the defendants can not arbitrary exclude witnesses either. Ponte v. Real, 471 U.S. 491(1985).  It is unfortunate that the defendants did not directly address this point. Did the plaintiff specifically request witnesses?  Did he do so in the proper time frame and in the proper method?  If so, why were they refused?

Ultimately, the court finds that the plaintiff has failed to state a due process violation. First, the plaintiff is questioning the outcome of his disciplinary hearing and admits that he lost good time credits as a result. *See* Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520 U.S. 641 (1997).

Second, the defendants are not required to allow witnesses whose testimony would be irrelevant, repetitive or unnecessary. Piggie v. Cotton, 344 F. 3d 674 (7th Cir. 2003).  The defendants point out that the "assault" charge is defined as "[c]ausing a person or an object to come into contact with another person in an offensive, provocative, or injurious manner or fighting with a weapon.' 20 Ill. Admin. Code 504.102.  Meanwhile, fighting is defined as "fighting with another person which is **not** likely to cause serious bodily injury to one or the other and which does not involve the use of a weapon." 20 Ill.Admin. Code 504.301, emphasis added.  Therefore the main distinction between the two is not who started the incident, but the level of violence and injury.  The plaintiff already admitted during the hearing that he did fight with the other inmate.  Officers were able to observe the level of injury and the other inmate was transported to a hospital.

Third, the plaintiff has not specified which witnesses he wanted to call or what testimony they would have that is in any way relevant or new.  The court will grant the defendants' motion for summary judgement on the plaintiff's due process claim.

C. EIGHTH AMENDMENT

The plaintiff has claimed that his one year stay in segregation was a violation of his

Eighth Amendment rights.  In response to the motion for summary judgement, the plaintiff clarifies the basis for this allegation.  The plaintiff says his segregation stay was cruel and unusual punishment because "he was only guilty of fighting." (Plain. Resp., p. 9-10)  The plaintiff correctly concludes that this allegation does not state a violation of his Eighth Amendment rights. (Plain. Resp. P. 10). . Disciplinary segregation, even wrongfully imposed, is neither cruel nor unusual in itself. Leslie v Doyle, 868 F. Supp. 1039, 1042 (N.D. Ill. 1994).  Therefore, the plaintiff's eighth amendment claim based on his stay in segregation is dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 26]  The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**2) The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**3) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 1st day of September, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE