UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VINCENT MILES,
    Plaintiff,

vs.                                                            03-1246

DAVID LINGLE, et. al.,
    Defendants.

ORDER

This cause is before the court for consideration of the plaintiff's motion for reconsideration of the September 1, 2005 Court Order granting summary judgement. [d/e 31]

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff did not provide his motion to prison officials within this time frame. Therefore, the court will consider this a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).    .

The plaintiff has failed to meet this burden The plaintiff first argues that the court abused its discretion when it directed the defendants to file a motion of summary judgement to clarify the plaintiff's claims. The plaintiff says he believes the court was taking the role of advocate. The plaintiff does not clarify what he is referencing, but the court notes that it made mention of a summary judgement motion in its September 22, 2004 order denying a motion to dismiss the complaint. The court noted it doubted the plaintiff could establish a violation of his Eighth Amendment rights based on the complaint, but the claim was not addressed by the defendants in the motion to dismiss. "The court will not address the claim until the record is clarified in a well-supported motion for summary judgement." (Sept. 22, 2004 Court Order, p. 3). The court was not directing the defendants to file a motion for summary judgement, but instead attempting to clarify the claims before the court. Even if the court had ordered the defendants to file a dispositive motion, this is within the court's discretion.

The plaintiff also argues that the court erred when it "made the determination that the doctrine of *respondeat superior* does not apply in this case." (Plain. Mot, p. 2) The plaintiff is

incorrect. The doctrine of *respondeat superior* does not apply to **any** actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

The plaintiff further argues that he has shown that Defendant Illinois Department of Corrections Director Donald Snyder had personal knowledge of his claims. The plaintiff states that even if Snyder's subordinates reviewed and signed plaintiff's grievances, Snyder is ultimately responsible. A supervisor cannot be held liable for the errors of his subordinates. In addition, the plaintiff has not presented evidence that Snyder personally caused or participated in any constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).

Lastly, the plaintiff restates his claims and disagrees with the granting of summary judgement, but fails to point to any mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. *American Federation of Grain Millers*, 15 F.3d at 728. Plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED that:**

**the plaintiff's motion for relief from judgement pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is denied. [d/e 32]**

Enter this __14th_____ day of September, 2006.

**s\Harold A. Bakr**

_____
HAROLD A.. BAKER
UNITED STATES DISTRICT JUDGE